573 F.2d 172
 James Edward CARTER, Appellant,
v.
Marvin MANDEL, Governor, Robert J. Lally, Secretary of
Public Safety and Correctional Service, J. Brown
Hardy, Acting Director of Patuxent
Institution and etc., Appellees.
James Edward CARTER, Appellant,
v.
J. Brown HARDY, Acting Director, Patuxent, Appellee.
Charles Anegus ALLEN, James Edward Carter, Inmates, Patuxent
Institution, on behalf of themselves and all
others similarly situated, and Robert T.
Morgan, Appellants,
v.
Robert J. LALLY, Secretary, Maryland Department of Public
Safety and Correctional Services, Mark A. Levine,
Commissioner, Maryland Division of Correction, J. Brown
Hardy, Acting Director, Patuxent Institution, Franklin
Goldstein, Chairman, Board of Patuxent Institution, Jonas
Rappeport, M. D., Associate Member, Board of Patuxent
Institution, Rev. Marcus G. Wood, Associate Member, Board of
Patuxent Institution, and Peter Lejins, M. D., Associate
Member, Board of Patuxent Institution, Jerome D. Fran,
Robert A. Gordon, Edward A. Tomlinson, Monor B. Crager,
Robert B. Levinson, Olive Quinn, John M. Pettibone, Leonard
A. Briscoe, Jasper R. Clay, Jr., Russell J. White, and
Robert Cahill, Members of Patuxent's Board of Directors, Appellees.
 No. 77-1530.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 6, 1978.
Decided March 21, 1978.
 
 Charles F. Morgan, Baltimore, Md. (Michael A. Millemann, The Legal Service Clinic; Richard G. Fishman, Baltimore Legal Aid Bureau, Inc., Baltimore, Md., on brief), for appellants.
 Henry J. Frankel, Asst. Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen. of Md., and Clarence W. Sharp, Asst. Atty. Gen., Baltimore, Md., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and BUTZNER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This action was brought to challenge the adequacy of the legal assistance available to Maryland prisoners. The state has not established prison law libraries, but it operates a public defender program. The district court's opinion carefully analyzes the prisoners' needs and the public and private assistance that is available. See, Hall v. State of Maryland, 433 F.Supp. 756 (D.Md.1977).
 
 
 2
 Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), decided after this case was tried, holds that failure to provide prisoners with adequate law libraries or assistance from legally trained persons violates their constitutional right of access to the courts. With one exception, the district court correctly anticipated the Supreme Court's ruling. Bounds indicates that the constitutional right of access to the courts extends to federal civil rights claims. 430 U.S. at 827, 828, n.17, 97 S.Ct. 1491. Because the district court concluded that Maryland has no constitutional obligation to provide assistance in federal civil rights cases, 433 F.Supp. at 779-80, that aspect of the case must be remanded for reconsideration in light of Bounds.
 
 
 3
 The district court found that the legal assistance provided for all other types of litigation was constitutionally sufficient. With respect to these, we affirm. Although litigation is not static and the future may require changes, the record establishes that Maryland has commendably recognized its constitutional obligation to provide legal assistance for its prisoners.
 
 
 4
 Affirmed in part.
 
 Vacated in part and
 
 5
 Remanded.